### Leonard Ward v. Robert Garrison.

1. VERDICTS—*When the Appellate Court Will Not Set Aside.*—The Appellate Court will not reverse a judgment of the trial court where the evidence of the successful party when considered by itself is clearly sufficient to sustain the verdict.

2. INSTRUCTIONS—*Harmless Error.*—Where an instruction as to the measure of damages is improper, but from the amount found by the jury it is apparent that no one has been prejudiced by such instruction, it will be regarded as a harmless error.

Assumpsit, for rents. Appeal from the County Court of White County; the Hon. JOHN N. WILSON, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

ORGAN & ASHLEY, attorneys for appellant.

JAMES C. PEARCE, attorney for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit in the County Court of White County, by appellee against appellant. Trial was by jury. Verdict and judgment in favor of appellee for $40.

Appellant's counsel ask a reversal of this case on two grounds:

First, it is insisted that the verdict is so manifestly against the weight of the evidence that it ought not to stand. We have examined the evidence as abstracted by appellant and find that while it is contradictory and con-

flicting, still there is an abundance of evidence to support the verdict. In Shevalier v. Seager, 121 Ill. 564, our Supreme Court says:

"This court will not reverse the judgment of the trial court, where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict. The truth is, the rule could not be otherwise, without invading the province of the jury to determine the credibility of witnesses, and to say which of them are to be believed in case of conflict. To do this would be to dispense with the essential functions of a jury, and thus destroy its utility altogether."

This rule is as applicable to cases in the Appellate Court now as it ever was in the Supreme Court.

Their second ground of complaint is, the giving by the trial court of certain instructions. The only objection pointed out or urged against any of the instructions, is, "that the instructions are improper as to the measure of damages." In that respect the instructions complained of are not accurate, and are justly subject to criticism; but it is apparent in the light of the evidence, from the smallness of the amount of damages assessed by the jury, that appellant was in no wise prejudiced by any failure of the instructions to correctly state the rules for the admeasurement of damages.

In our judgment substantial justice has been done, and in such case the judgment of a trial court will not be reversed for slight errors. The judgment of the County Court of White County is affirmed.